## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GCC MOVING, LLC and<br>GARY COOK d/b/a GCC MOVING<br>       Plaintiff,<br><br>vs.<br><br>ESTES EXPRESS LINES, CORP. d/b/a, *alias*,<br>BIG E TRANSPORTATION; and<br>BIG E TRANSPORTATION, LLC d/b/a, *alias*,<br>ESTES EXPRESS LINES;<br>JOHN DOES 1-10, JANE DOES 1-10 and<br>XYZ CORPORATIONS 1-10<br>       Defendants | C.A. No. 1:16-cv-11538-RGS |

## PROTECTIVE ORDER

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and as requested by the Parties, who have agreed that good cause exists for a protective order, the Court enters this Protective Order to preserve and maintain the confidentiality of certain limited confidential and/or proprietary information that may be disclosed or obtained by Estes Express Lines or Big E Transportation, LLC ("Defendants") and/or GCC Moving, LLC and Gary Cook ("Plaintiffs"), including information on Defendants' customers, such as customer contracts and account information, company financial information, strategies, and costs information not known to the general public, and confidential information concerning the Plaintiffs, such as their tax returns. The Court specifically finds that good cause exists for this Protective Order.

    1.    As used herein, the following definitions apply:

        a.    "Confidential" means any documents (regardless whether in electronic or hard copy format) or information that contains:

       i.      Personal or private or confidential information relating to any party, the parties' employees, managers, or agents, such as personal financial and tax information; and

       ii.      Proprietary and confidential business information including Defendants' customer contracts and account information, company financial information, strategies, and costs information not known to the general public.

2.      Confidential information produced by any party shall be maintained in confidence by all parties and by other recipients qualified to receive it ("Qualified Recipients," as further defined herein). Confidential information shall be used solely for the purposes of prosecution and defense of claims in this litigation.

3.      Documents containing Confidential Information shall be identified by marking them with the legend "CONFIDENTIAL." Any party may designate a document as "CONFIDENTIAL," but such designations must be made in the good-faith belief that the documents contain Confidential information as defined above. Any party may challenge another party's designation of a document as "Confidential" and shall do so by first seeking to resolve the dispute through discussions with the disclosing party. If the parties are unable to resolve the dispute, the challenging party may then, upon proper notice to the disclosing party, seek an appropriate order from the Court challenging such designation. If the Court agrees with the person or party challenging the designation, the disclosing person or party shall pay the reasonable attorney's fees incurred as a result of the challenge.

4.      Neither the receiving party nor its representatives shall disclose documents designated as CONFIDENTIAL, other than to the following persons ("Qualified Recipients"):

a. Designated counsel of record in this action (including law clerks, legal assistants, technical assistants, secretaries and clerks of such counsel);

b. Any individual who is a party of record in this action, along with employees of the Defendants who are actively assisting in the preparation and trial of this litigation;

c. Independent experts and consultants retained by any party whose assistance is necessary for the preparation of trial of this specific action; and

d. At any deposition, hearing or trial in this matter, witnesses for any party provided that such witnesses expressly agree to comply with the terms of this Protective Order and provided that such witnesses shall be allowed to review documents or information designated CONFIDENTIAL but shall not be provided with copies of the CONFIDENTIAL documents or information.

e. The Court (including any agent of the Court) and any court reporter used during depositions.

5. Nothing contained in this Order shall prevent any party from using Confidential Documents to examine witnesses at deposition or trial, provided that if at deposition, the part of the transcript will be marked as confidential after being so designated by a party's counsel.

6. The parties and their designated representatives expressly agree to maintain the confidentiality associated with those documents designated as CONFIDENTIAL and agree that they will not disclose or otherwise share such information with anyone other than Qualified Recipients. To the extent CONFIDENTIAL documents are used as exhibits or attachments to any filing with the Court in the above-captioned litigation, the party so using the CONFIDENTIAL documents will file the documents with the Court in accordance with Local

3

Rules 5.4 and 7.2 and Subsection L of the Case Management/Electronic Case Filing Administrative Procedures for the District of Massachusetts with documents appropriately designated.

7. Disclosure shall be made to Qualified Recipients only as necessary for this litigation, and only after the person to whom disclosure is made has been informed of the Protective Order, and has agreed in writing to be bound by it, by signing the form of acknowledgment attached to this Protective Order as *Exhibit A – Acknowledgment.* The terms of this Protective Order shall be explained to such persons by the persons disclosing the confidential material or information it contains. The executed acknowledgment shall be retained by counsel disclosing the confidential material or information. Confidential information shall not be disclosed to any person in any manner not specified in this Protective Order.

8. Nothing in this Protective Order shall be construed as precluding a party from seeking additional protection from the Court against the disclosure or production of any other confidential information, including an order that such information not be disclosed or that it be disclosed only in a designated manner or challenging another party's designation.

9. Nothing in this Agreed Protective Order precludes or limits a party from viewing its own confidential or attorney's eyes only documents.

10. The use of CONFIDENTIAL documents or information at trial or hearing shall be addressed in any pre-trial or pre-hearing order or by a stipulation submitted by the parties to comport with the Court's pre-trial or pre-hearing filing deadlines.

11. The agreement of the parties subject to this Protective Order shall not be construed as an agreement or admission: (i) that any material or document designated as confidential is, in fact, confidential; (ii) as to the correctness or truth of any allegation made or

4

position taken relative to any matter designated as confidential; or (iii) with respect to the authenticity, competency, relevance or materiality of any document or thing designated as confidential.

12. A party shall designate all other Confidential Information disclosed during any deposition in this matter as "CONFIDENTIAL" by notifying all parties either during the deposition or, in writing, within 30 days of receipt of the transcript or entry of this Order whichever comes later, of the specific pages and lines of the transcript which contain Confidential Information. Each party shall attach a copy of such written notice to the face of the transcript and each copy thereof in its possession, custody or control.

13. Nothing shall prevent disclosure beyond the terms of this Protective Order if any party expressly consents to such disclosure, either in writing or in the record of any proceeding in this litigation, or if the Court, after notice to all affected parties, orders such disclosure.

14. The attorneys of record are responsible for employing reasonable measures to control access to and distribution of confidential items.

15. Upon the termination of this litigation, the provisions of this Protective Order shall continue to be binding, except with respect to those documents and information that become a matter of public record.

16. Upon written request by counsel for the disclosing party or person, the party or witness having received any documents or information subject to this Protective Order shall return or destroy these items at the close of this litigation, at the option of the disclosing party.

17. If a producing party inadvertently or unintentionally produces to a receiving party any documents or information subject to a claim of privilege or immunity from discovery (including but not limited to attorney-client privilege, work product immunity, and immunities

created by federal or state statute or regulation), the producing party shall, within fifteen (15) days of the discovery of the inadvertent production, give notice to the receiving party in writing of the producing party's claim of privilege or immunity from discovery. Thereafter, the receiving party shall immediately return to the producing party the original and all copies of the privileged materials, including copies of the protected materials disseminated to other persons by the receiving party. The receiving party shall also immediately destroy all summaries, abstracts, written digests, or other recordings of such documents and information. Such inadvertent or unintentional disclosure shall not be deemed a waiver in whole or in part of the producing party's claim of privilege or immunity from discovery either as to specific documents and information disclosed or on the same or related subject matter.

18. In the event that the receiving party disagrees with the producing party's claim of privilege or immunity from discovery of the inadvertently disclosed documents or information, then the receiving party shall notify the producing party within fifteen (15) business days of receipt of the producing party's written notice of claim of privilege, and shall set forth the precise grounds upon which the receiving party's position rests. If the parties cannot resolve the matter, then the dispute will be presented to the Court by motion or otherwise. During the pendency of any such motion, the receiving party shall not copy, distribute, or otherwise use in any manner the disputed documents or information, and shall instruct all persons to whom the receiving party has disseminated a copy of the documents or information that the documents or information are subject to this Order and may not be copied, distributed, or otherwise used pending the motion and further notice from the Court.

Case 1:16-cv-11538-RGS   Document 44-1   Filed 07/26/17   Page 7 of 8

SO ORDERED: ___7/26/2017___

                                                                          /s/ Richard G. Stearns
                                          Richard G. Stearns
                                          JUDGE, United States District Court
                                          District of Massachusetts

Distribution to:

Braden K. Core
bcore@scopelitis.com

James T. Spolyar
jspolyar@scopelitis.com

Judith A. Leggett
judith@leggettlawfirm.com

David A. Woodward
dwoodward@poynerspruill.com

Geoffrey R. Bok
gbok@scmllp.com

Michael E. Levinson
mlevinson@brainskylevinson.com

Eric S. Brainsky
ebrainsky@brainskylevinson.com

## **EXHIBIT A**

ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the District of Massachusetts in the case of GCC Moving, LLC, *et al.* v. Estes Express Lines, *et al.*, Case No. 1:16-cv-11538-RGS. I agree to comply with and to be bound by all the terms of this Agreed Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Massachusetts for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ _____ [print or type full address and telephone number] as my Massachusetts agent for service of process in connection with this action or any proceedings related to enforcement of this Agreed Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

4837-2619-7580, v. 2