**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| GCC MOVING, LLC and <br> GARY COOK d/b/a GCC MOVING <br>           Plaintiff, <br><br> vs. <br><br> ESTES EXPRESS LINES, CORP. d/b/a, *alias*, <br> BIG E TRANSPORTATION; and <br> BIG E TRANSPORTATION, LLC d/b/a, *alias*, <br> ESTES EXPRESS LINES; <br> JOHN DOES 1-10, JANE DOES 1-10 and <br> XYZ CORPORATIONS 1-10 <br>           Defendants | Case No. 1:16-cv-11538-RGS |

**DEFENDANT BIG E TRANSPORTATION, LLC'S OPPOSITION TO
PLAINTIFFS' MOTION TO EXCLUDE EXPERT REPORT**

Defendant and Counterclaim Plaintiff, Big E Transportation, LLC ("Big E"), respectfully submits its opposition to Plaintiffs' Objection To Expert Report, Or In The Alternative, To Strike And Exclude (ECF No. 64, "Plaintiffs' Motion").[1]

**INTRODUCTION**

Plaintiffs' Motion is more significant for what it *does not* say than what it says. Plaintiffs' Motion does not attack, or even call into question, the foundation or reliability of the Crandall Report. Nor does Plaintiffs' Motion question Mr. Crandall's qualifications to give his opinion on the subjects contained in the report. Instead, Plaintiffs argue that the Crandall Report will "unnecessarily complicate" the issues for this Court. *Plaintiffs' Motion* at 3. And according to Plaintiffs, the Crandall Report "fails to offer any . . . assistance" on the only facet of the multi-

---

[1] Plaintiffs title their paper as an objection that seeks alternative relief in the form of striking and excluding the report of Big E's expert witness, Robert Crandall (the "Crandall Report"). But the relief Plaintiffs seek in their paper and their Memorandum of Law (ECF No. 65) is an order "striking or otherwise excluding" the report. ECF No. 64 at 1; ECF No. 65 at 6. Thus, Big E treats Plaintiffs' paper as a motion to exclude the report. Big E notes that Plaintiffs failed, pursuant to Rule 7.1(a)(2) of the Local Rules of the United States District Court for the District of Massachusetts, to confer prior to filing their motion.

part test for employment under Mass. Gen. Laws ch. 149, § 148B that Plaintiffs contend matters here—whether Plaintiffs were free from Big E's control and direction. *Plaintiffs' Motion* at 4. Plaintiffs are wrong on both counts.

This Court is no doubt capable of discerning whether the Crandall Report will help it decide the issues set out in Big E's pending Motion for Summary Judgment. Moreover, this Court's decision on summary judgment turns not solely on the question of whether Big E exercised the control and direction over Plaintiffs necessary to establish an employment relationship, but also on an analysis of § 148B's third prong, which asks whether Plaintiffs were customarily engaged in an independently established business. The Crandall Report is relevant to the analysis of each factor, and Plaintiffs' Motion should be denied.

## ARGUMENT

This Court has wide discretion to determine whether expert testimony will help it assess the evidence or determine a fact in issue. *United States v. Sebaggala*, 256 F.3d 59, 65-66 (1st Cir. 2001) (the trial court enjoys considerable latitude in determining whether expert testimony will or will not materially assist the fact finder). If there is any chance that the testimony will be beneficial to the trier of fact, the testimony should be admitted. *United States v. Archuleta*, 737 F.3d 1287, 1296-97 (10th Cir. 2013) ("helpfulness" requirement is satisfied "where expert testimony advances the trier of fact's understanding to any degree").

Plaintiffs fail to point to a single defect in the Crandall Report that can serve as grounds to exclude it from evidence. Indeed, Plaintiffs do not question the foundation or reliability of the report or Mr. Crandall's qualifications. Moreover, where the evidentiary gatekeeper and fact finder are the same, as here, a court may always admit evidence subject to its ability to later exclude or disregard the evidence. *Kan. City Southern Ry. Co. v. SNY Island Levee Drainage Dist.*, 831 F.3d 892, 900 (7th Cir. 2016) ("Where a trial judge conducts a bench trial, the judge

need not conduct a *Daubert* (or Rule 702) analysis before presentation of the evidence, even though he must determine admissibility at some point."). In fact, in another case involving allegations of misclassification, the U.S. District Court for the Central District of California allowed a report and testimony by Mr. Crandall at a bench trial over the objection of the plaintiff. *Ruiz v. Affinity Logistics Corp.*, No. 05-cv-2215, 2009 WL 10664190, at *6 (C.D. Cal. Dec. 1, 2009) ("The Court finds that excluding the expert testimony at this point in the proceeding is unnecessary, especially considering this is a bench trial."). Plaintiffs' argument that the Crandall Report will overcomplicate the decision process for this Court rings hollow. This Court is well equipped to determine for itself whether the Crandall Report is helpful.

Not only does Plaintiffs' argument shortchange this Court's ability to discern the value of the Crandall Report for itself, it also ignores the reality that Big E's Motion for Summary Judgment addresses *both* of the relevant prongs of Mass. Gen. Laws ch. 149, § 148B. By its motion, Big E placed at issue not only whether Plaintiffs were so controlled and directed by Big E as to compel a finding of an employment relationship, but also whether Plaintiffs were customarily engaged in an independently established business. The Crandall Report addresses, among other subjects, how Mr. Cook's managerial decisions impacted GCC Moving, LLC's profits, how Mr. Cook was able to—and did—expand his business by profiting from the work of others, and how GCC Moving's operation compares to other businesses based on data compiled by the U.S. Census Bureau. The Crandall Report will therefore be helpful to this Court on both prongs of the Massachusetts Wage Act's test for employment.

## **CONCLUSION**

The Crandall Report does not unnecessarily complicate the issues presented by Big E's Motion for Summary Judgment. In addition, the report is germane to both prongs of the test for

employment under Mass. Gen. Laws ch. 149, § 148B. Plaintiffs' Motion should be denied, and this Court should consider the Crandall Report to the extent it finds the information in it helpful.

Respectfully submitted,

Dated:  March 16, 2018 */s/ James T. Spolyar*
Braden K. Core (Admitted *Pro Hac Vice*)
James T. Spolyar (Admitted *Pro Hac Vice*)
Scopelitis Garvin Light Hanson & Feary, P.C.
10 W. Market Street, Suite 1400
Indianapolis, IN  46204
Phone:  (317) 637-1777
jspolyar@scopelitis.com
bcore@scopelitis.com

and

Judith A. Leggett (BBO#635346)
Leggett Law Firm, LLC
7 Tower Circle, Suite 2
Avon, MA 02322
Phone:  (617) 780-7163
judith@leggettlawfirm.com

Attorneys for Defendant,
BIG E TRANSPORTATION, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 16, 2018, the foregoing document was filed electronically through the ECF System and is available for viewing and downloading from the ECF System, that it will be sent electronically to counsel of record identified as registered participants on the Notice of Electronic Filing, and that paper copies will be sent to those indicated as non-registered participants.

*/s/ James T. Spolyar*
James T. Spolyar

4834-3029-2574, v. 2